Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Floor
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VICTOR ALVAREZ,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>CAVALRY SPV I, LLC and SCHACHTER PORTNOY, LLC,<br><br>　　　　　　　Defendants. | Civil Action No.<br><br><br><br>**COMPLAINT** |

　　　　Plaintiff, Victor Alvarez, by way of Complaint against Defendants, Cavalry SPV I, LLC and Schachter Portnoy, LLC, says:

**I.　　NATURE OF THE ACTION**

　　　　1.　　This action for damages arises from the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**II.　　JURISDICTION AND VENUE**

　　　　2.　　This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

　　　　3.　　Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage.

### III.     PARTIES

4.     Plaintiff, Victor Alvarez ("Plaintiff" or "Alvarez"), is a natural person residing in Rutherford, New Jersey in Bergen County.

5.     Defendant, Cavalry SPV I, LLC ("Cavalry"), is a Delaware limited liability company with its principal place of business at 500 Summit Lake Drive, Suite 400, Valhalla, New York 10595.

6.     Defendant, Schachter Portnoy, LLC ("SP"), is a New Jersey limited liability company with a law office located at 3490 U.S. Route 1, Suite 6, Princeton, NJ 08540.

7.     In this pleading, "Defendants" in the plural refers to all Defendants.

### IV.     FACTS

8.     Cavalry purchases past-due consumer accounts for pennies on the dollar, which then attempts to collect those accounts through other collection agencies or debt collectors.

9.     Cavalry is a debt buyer.

10.    Defendants are not in the business of extending credit, selling goods or services to consumers.

11.    Defendants regularly collect or attempt to collect debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

12.    Defendants are in the business of collecting defaulted debts or alleged debts of natural persons.

13.    When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce

14.    Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

15.     Defendants have asserted that Plaintiff allegedly incurred or owed a certain financial obligation arising from an account originating from GE Capital Retail Bank/Gap Visa Card ("Debt" or "Account").

16.     SP is a limited liability company engaged in the practice of law.

17.     At all times relevant hereto, SP acted on behalf of and for the benefit of Cavalry in an attempt to collect the Debt.

18.     At all times relevant hereto, the acts and omissions of SP were incidental to or taken within the scope of the responsibilities given and authorized by Cavalry.

19.     The Debt is alleged to arise from one or more transactions which were primarily for personal, family, or household purposes.

20.     In an attempt to collect the Debt, Defendants instituted a lawsuit against Plaintiff on or about March 4, 2015.

21.     Plaintiff never incurred the Debt.

22.     Plaintiff notified SP by e-mail and mail that the Debt was not his since he never applied for a Gap card and that Defendants have sued the wrong person.

23.     Plaintiff demanded that SP dismiss the collection lawsuit but they failed to do so.

24.     Plaintiff was forced to retain an attorney at his own expense to defense himself against a collection lawsuit alleging he owed the Debt which he did not owe.

## V.     VIOLATIONS OF THE FDCPA

25.     Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

26.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

27. The debt allegedly owed by Plaintiff is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

28. Defendants are "debt collectors" as defined by 15 *U.S.C.* § 1692a(6).

29. By suing the wrong person and refusing to dismiss the lawsuit even when provided with documents to show that Defendants sued the wrong person, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f and 1692f(1) of the FDCPA.

30. Defendants are liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VI.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Victor Alvarez, demands judgment against Defendants, Cavalry SPV I, LLC, and Schachter Portnoy, LLC, as follows:

A. For actual damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(1);

B. For maximum statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

D. For pre-judgment and post-judgment interest; and

E. For such other and further relief as the Court deems equitable and just.

## VII.   JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## VIII. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

                                                          KIM LAW FIRM LLC

Dated: March 3, 2016                         *s/ Yongmoon Kim*
                                                        Yongmoon Kim
                                                         *Attorneys for Plaintiff*